RECEIVED
AUG 1 3 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JAMES DURAL | CIVIL ACTION NO. 08-0281 |
| VERSUS | JUDGE DOHERTY |
| DISCOVERY PROPERTY AND CASUALTY INS. CO., ET AL. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court is a Report and Recommendation [Doc. 56] issued by the magistrate judge, in which the magistrate judge recommends this Court grant the Motion for Partial Summary Judgment as to Liability [Doc. 46] filed by plaintiff James Dural. Defendants Christopher M. Wilson, Slay Transportation, Inc., and Discovery Property and Casualty Insurance Company (hereinafter, "defendants") filed written Objections [Doc. 59], and plaintiff filed a response to those Objections [Doc. 65]. For the following reasons, this Court ADOPTS AND AFFIRMS the magistrate judge's report. Therefore, for the reasons stated herein, the Motion for Partial Summary Judgment as to Liability [Doc. 46] is GRANTED.

1.  **The Magistrate Judge's Findings**

The parties are referred to the magistrate judge's Report and Recommendation for a full recitation of the factual and procedural history of this case. In a nutshell, the instant dispute arises out of a motor vehicle accident that occurred on March 23, 2007 in Iberia Parish, Louisiana. The plaintiff, James Dural, was traveling in his vehicle in a southerly direction on Louisiana Highway 675 toward U.S. Highway 90. Traveling behind the plaintiff in another vehicle were plaintiff's

clients, the Manuels, who were following the plaintiff, a car salesman, to another car dealership. The magistrate judge described the accident as follows:

> At the time of the accident, traffic lights controlled the movement of all traffic through the intersection of Hwy. 675 and Hwy. 90. As Mr. Dural approached the intersection, the light controlling his lane of travel was red. He stopped for the red light. Mr. Dural observed the light as it turned green. He then looked into his rear view mirror to be sure the Manuels were still right behind him, and he proceeded into the intersection. An eighteen-wheeler that was proceeding in a westbound direction of Highway 90, i.e., from Mr. Dural's left, collided with Mr. Dural's vehicle. Dural was injured in the accident and taken to the hospital by ambulance.[1]

The magistrate judge concluded Mr. Wilson, the driver of the truck that struck plaintiff's vehicle, was solely at fault in the accident, and that plaintiff was not negligent. Mr. Wilson contends he was distracted by an unidentified driver driving alongside him and that this unidentified driver should be apportioned some of the fault for plaintiff's accident. The magistrate judge rejected this argument and concluded the unidentified driver was not at fault. Accordingly, the magistrate judge recommended the plaintiff's Motion for Partial Summary Judgment as to Liability be granted.

Defendants filed Objections, contending the magistrate judge erred in concluding neither the plaintiff nor the unidentified driver can have a percentage of fault at trial. Thus, the defendants contend the magistrate judge's conclusion that Mr. Wilson was solely at fault for the plaintiff's injuries was erroneous.

## 2. Standard of Care

Pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a]

---

[1] *See* Report and Recommendation, Doc. 56, p. 3.

2

judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Therefore, this Court makes a *de novo* review of the portions of the magistrate judge's report to which the defendants object. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983).

**3. Legal Analysis**

    **1. The Negligence of the Plaintiff**

In assessing whether Mr. Wilson was solely at fault in this case, the magistrate judge set forth the duty of a driver who has the right-of-way at a traffic signal and the appropriate standard of care for a driver in this situation, as follows:

> A motorist approaching an intersection controlled by semaphore signals, who is favored by a green light, is entitled to assume that traffic approaching the intersection from either side on a red light will comply with the red light and respect his right-of-way. *Bourgeois v. Francois,* 245 La. 875, 161 So.2d 750 (La.1964); *Carter v. New Orleans Public Service, Inc.,* 305 So.2d 481 (La.1974). The favored motorist is not obligated to look to his left or right before entering the intersection. *Correge v. Webb,* 284 So.2d 355 (La.App. 4th Cir.1973, writ refused); *Bradley v. Allstate Insurance Co.,* [307 So.2d 132], supra; *Keyser v. Triplett,* 322 So.2d 294 (La.App. 1st Cir.1975, writ refused); *Welton v. Falcon,* 341 So.2d 564 (La.App. 4th Cir.1976, writs refused), and will be held accountable only if he could have avoided the accident with the exercise of the slightest degree of care and fails to do so. *Bradley v. Allstate Insurance Co.,* supra; *Bourgeois v. Francois,* supra. All that is required is that the favored motorist maintain a general observation of the controlled intersection. *Jordan v. Great American Insurance Company,* 248 So.2d 363 (La.App. 4th Cir.1971); *Modica v. Manchester Insurance & Indemnity Co.,* 284 So.2d 791 (La.App. 4 Cir.1973).

*Jenkins v. Rougeau*, 702 So.2d 841, 843 (La. App. 3rd Cir. 1997), *writ denied*, 709 So.2d 715 (La. 1998).

In their first assignment of error, defendants contend the magistrate judge focused on the

wrong portion of the court's ruling in *Jenkins* in concluding the plaintiff can have no liability in this case. Specifically, defendants contend the magistrate judge focused on that portion of the ruling that states the driver with a green light has no duty to look to his left or right to check for approaching traffic. Defendants contend they have never contended the plaintiff in this case had such a duty; rather, defendants contend the key portion of the *Jenkins* case is the court's statement that a plaintiff "will be held accountable only if he could have avoided the accident by exercising the slightest degree of care and fails to do so." 702 So.2d at 843. Defendants contend the duty of the plaintiff in this case was to "maintain a general observation of the controlled intersection," and that the undisputed facts show he failed to do so.

In the instant case, the defendants argue had the plaintiff maintained a general observation of the controlled intersection, he would have seen the approaching truck driven by Mr. Wilson and would have avoided the accident, regardless of whether he looked to his right or to his left. The defendants contend this fact is bolstered by the testimony of Deborah Manuel, an eyewitness to the accident. With respect to Ms. Manuel's testimony, plaintiff's customer who was traveling immediately behind plaintiff in another vehicle, the defendants argue:

> Specifically, as cited by defendants, Deborah Manuel, the customer who was following the plaintiff, *specifically testified that in keeping her general observation of the intersection she saw the truck driven by Wilson approaching and was able to hit her brakes and avoid the accident.*[2]

Defendants contend the foregoing testimony is located in "Exhibit 'OMSJ-5' to defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment as to Liability, page 5." This Court was able to locate Exhibit "OMSJ-5, page 5, however, page 5 does not contain the

---

[2] *See* defendants' Objection, Doc. 59, p. 3 (emphasis in original).

4

foregoing testimony. This Court then took its time to look through the record to review the provided portions of Ms. Manuel's deposition transcript, that might contain this testimony. This Court did, in fact, locate additional portions of Ms. Manuel's deposition transcript, however, the testimony contained therein is not consistent with the characterization of Ms. Manuel's testimony in defendants' brief, to wit:

> **Q:** **Did you have an opportunity to see what was about to happen before it happened with regard to the accident?**
>
> **A:** **No, sir.**
>
> Q: So you testified that you had to slam on the brakes in order to avoid getting hit yourself, right?
>
> A: Uh-huh.
>
> Q: So it was sort of it happened all of a sudden would you say?
>
> A: Yes.
>
> Q: You also said that you guys had the green light; right?
>
> A: Yes.
>
> Q: At any point, before the accident happened, did you have an opportunity to look at what the traffic light was doing for the 18-wheeler that ended up hitting Mr. Dural's car?
>
> A: Well theirs was on red.
>
> Q: So – so you did – you saw – you saw – you saw – you looked at their traffic light before the incident?
>
> A: Well, the other ones had done stopped so it evidently was on red.
>
> Q: So yours was green; right?
>
> A: Yes.

> Q: But you didn't actually look and see what their light was?
>
> A: No, the other cars had done stopped.[3]

Defendants argue Ms. Manuel "*specifically testified ... she saw the truck driven by Wilson approaching and was able to hit her brakes and avoid the accident.*" However, Ms. Manuel's testimony as set forth above makes it clear Ms. Manuel did *not* see Mr. Wilson approaching and, in fact, did not see what happened before the accident occurred. Additionally, upon repeated questioning as to whether she looked to see what was happening with the traffic light for the traffic on Highway 90, Ms. Manuel testified she did not look, and, therefore, did not see that light.

Therefore, it is clear Ms. Manuel did not see Mr. Wilson approaching, as defendants suggest. Clearly, the plaintiff did not see Mr. Wilson approaching. Plaintiff testified as follows:

> A: ... And we proceeded down Highway 675 to Highway 90. And when we got to the intersection, there was a red light. And there were other vehicles going down Highway 90 West. And when the red light turned green, I glanced in my rearview mirror and noticed that my customers were still there, just to make sure.
>
> Q: Sure.
>
> A: **Then I proceeded** to cross the interstate and was struck by an 18-wheeler.[4]

(emphasis added).

The plaintiff does not indicate whether he looked to his left or right before entering the intersection, however his testimony indicates he had stopped looking in his rearview mirror before proceeding into the intersection. Additionally, the jurisprudence makes clear plaintiff had no duty

---

[3] *See* Deposition of Deborah Manuel, attached as Exhibit "D" to plaintiff's Motion for Partial Summary Judgment, Doc. 46, pp. 20-21.

[4] *See* Deposition of James Dural, attached as Exhibit "A" to plaintiff's Motion for Partial Summary Judgment, Doc. 46, p. 42.

to look to his right or left before proceeding into the intersection. Rather, all the plaintiff had a duty to do was "maintain a general observation of the intersection." Plaintiff's testimony shows he did so. Plaintiff testified when he stopped at the red light at the intersection, "there were other vehicles going down Highway 90 West," which evidences plaintiff's general observation of the roadway around him. Plaintiff then testified that once the light turned green, he checked his rearview mirror, and only after he had checked his mirror did he then proceed to cross the intersection.

After consideration of the briefs of the parties, the Objections, and the applicable law, this Court concludes there is no evidence the plaintiff was operating below the standard of care in this case. Considering the foregoing, this Court concludes the defendants' contention that "the undisputed law and evidence shows the plaintiff could be assigned some fault in this accident" is without merit, and the findings of the magistrate judge are ADOPTED AND AFFIRMED.

2. **The Unidentified Driver**

As their second assignment of error, the defendants contend the magistrate judge erred in concluding the unidentified driver who allegedly distracted Mr. Wilson was a cause-in-fact of the accident and the plaintiff's injuries and, hence, could have a percentage of liability at trial.

As the magistrate judge noted, under Louisiana law, a distracted driver such as Mr. Wilson is not absolved of liability. "If a motorist fails to see what he should have seen, the law charges him with having seen what he should have seen, and the court examines his subsequent conduct on the premise that he did see what he should have seen." *Fontenot v. Patterson Ins.*, 23 So.3d 259, 269, 2009-0669 (La. 2009), *citing Fernandez v. General Motors Corp.*, 491 So.2d 633, 636-637 (La.1986). Additionally, although many things can distract a motorist, a motorist nonetheless has a duty to keep his attention focused on the roadway." *Hager v. State, ex rel. Dept. of Transportation*

*and Development*, 978 So.2d 454, 469-70 (La. App. 1st Cir. 2008). The mere fact that an individual defendant motorist might have been distracted cannot serve as a basis for liability on the part of the person or entity that allegedly caused the distraction. *Clark v. Mitchell*, 760 So.2d 1236, 1242 (La. App. 1st Cir. 2000).

In *Clark*, defendant argued he ran a red light and struck the plaintiffs' vehicle because he was distracted by construction warning lights ahead in the roadway. The trial court apportioned 20% liability to the construction company, T.L. James & Co., Inc., that had placed the construction warning lights on the road. However, on appeal, the Louisiana First Circuit Court of Appeals reversed, explaining:

> The trial court found James was 20% at fault in this accident. With no stated reasons by the trial court, we can only conclude that it must have believed Mitchell's testimony that the construction lights so distracted him that he became oblivious to all else around him. *While the construction-warning lights might have been a cause of the accident, cause does not equal fault. There is no evidence that the lights were improperly placed or violated any regulations; they served their purpose of warning motorists approaching the intersection of Prospect and Bayou Blue of the detour ahead. The lights were not at the intersection where the accident occurred but were 500 to 600 feet east of it.*
>
> Many things can distract a motorist. A motorist has a duty, however, to keep his attention focused on the roadway. *The mere fact that Mitchell was distracted by the lights cannot serve as a basis for James's liability.*
>
> [ . . . ]
>
> Because we can find no reasonable factual basis in the record to support the trial court's finding that James was at fault, we must conclude that a finding of any fault on James was not a permissible view and constituted manifest error. We hereby reverse that portion of the judgment assessing fault to James and render judgment dismissing James from both the Clark and Mitchell suits.

*Clark*, 760 So.2d at 1241-42 (emphasis added).

In the instant case, defendants argue *Clark* is distinguishable, because there is a "grand

8

difference between a distraction by warning lights and the effect of an erratic driver upon Wilson while operating his truck." This Court disagrees with both the characterization and conclusion. The alleged distraction caused by the unidentified driver – as explained by Mr. Wilson at his deposition – was that the driver would "come up like they wanted to pass me and then drop back."[5] There is no evidence the unidentified driver violated any traffic rules or did anything except attempt to pass Mr. Wilson, a legal road maneuver. Thus, on these facts, this Court agrees with the magistrate judge that the mere fact that Mr. Wilson allowed himself to be distracted by an unidentified driver engaging in a legal road maneuver does not create liability on the part of that driver, but rather, argues for liability on the part of Mr. Wilson. Consequently, this Court concludes the defendants' contention that the unidentified driver was negligent and could be assigned liability at trial is without merit, and the findings of the magistrate judge on this point are ADOPTED AND AFFIRMED.

3. **Conclusion**

For the foregoing reasons, the Report and Recommendation of the magistrate judge is ADOPTED AND AFFIRMED, and plaintiff's Motion for Partial Summary Judgment as to Liability [Doc. 46] is GRANTED IN ITS ENTIRETY.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___13___ day of August 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[5] *See* Deposition of Christopher W. Wilson, Exh. 4 to plaintiff's Motion for Partial Summary Judgment, Doc. 46, at p. 32.

9